<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID TROY, III<br><br>        Petitioner<br><br>    v.<br><br>WARDEN DAVID ORTIZ,<br><br>        Respondent | Civil Action No. 19-22243(RMB)<br><br>MEMORANDUM AND ORDER |

BUMB, United States District Court

Petitioner David Troy, III is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence based on intervening changes in statutory interpretation announced in Fourth Circuit decisions in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc) and <u>United States v. Wheeler</u>, 886 F.3d 415 (2018). (Petr.'s Mem. in Supp. of Pet., Dkt. No. 1-2.)

In lieu of the $5.00 filing fee,[1] Petitioner filed an application to proceed without prepayment of the filing fee. (IFP App., Dkt. No. 1-1). His IFP application, however, does not contain the requisite certification of his account statement by a prison

---

[1] There is a $5 filing fee for a petition for writ of habeas corpus. <u>See</u> 28 U.S.C. § 1914(a).

official, nor does it support his inability to pay the $5.00 filing fee. See 28 U.S.C. § 1915(a). The Court will deny Petitioner's IFP application without prejudice and administratively terminate this case, subject to reopening.

While the Court reserves conclusive screening of the petition until Petitioner pays the filing fee or establishes his financial eligibility for in forma pauperis status, the Court explains below that it lacks jurisdiction over the petition under 28 U.S.C. § 2241. If Petitioner wishes to proceed with this action, he should file an amended petition, if he can establish a basis for jurisdiction.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, unless Petitioner files an amended petition that states a proper basis for § 2241 jurisdiction, the Court would dismiss the petition.

## I.  THE PETITION

Petitioner explains that he pled guilty to Count 1 of a multi-count Indictment in the United States District Court, District of

South Carolina for violations of 21 U.S.C. ¶¶ 846 and 841 (a)(1) and (b)(1)(B). (Petr.'s Mem., Dkt. No. 1-2 at 1.) Prior to Petitioner's guilty plea, the Government filed an Information pursuant to 21 U.S.C. § 851, based on Petitioner's prior conviction in North Carolina for possession with intent to deliver cocaine, upon which Petitioner was sentenced to 8-10 months' imprisonment for a Class I felony. (Id.)

At sentencing on October 11, 2006, over Petitioner's objections to the Probation Office's presentence report ("PSR"), the court sentenced Petitioner as a career offender under U.S.S.G. § 4B1.1. (Id. at 1.) Petitioner did not challenge the predicate drug offense or burglary offense that supported the career offender enhancement, which resulted in a Guidelines range of a 332 to 447-month term of imprisonment, which was reduced to 276 months based on a substantial assistance motion filed by the Government. (Id. at 2.)

On or around May 2016, Petitioner filed a motion in his sentencing court under 28 U.S.C. § 2255, challenging his prior 2011 drug conviction as the predicate for the mandatory minimum sentence under 28 U.S.C. § 851. (Id.) According to Petitioner, the motion was erroneously construed as a challenge to Petitioner's designation as a career offender and was denied. (Id.) Petitioner filed a request under 28 U.S.C. § 2244 to bring a second or successive § 2255 motion, and this too was denied. (Id.) In any

event, Petitioner states that in this petition, he challenges use of his prior North Carolina drug conviction for purposes of the § 851 enhancement of his mandatory minimum sentence from ten years to twenty years. (Petr's Mem., Dkt. No. 1-2 at 2.)

Petitioner relies on the Fourth Circuit's decision in <u>Wheeler v. United States</u>, 886 F.3d 415 (2018). (<u>Id.</u>) In <u>Wheeler</u>, the Fourth Circuit held that the petitioner satisfied the requirements of the savings clause of 28 U.S.C. § 2255(e), permitting him to challenge his sentence under 28 U.S.C. § 2241, based on a retroactive change in the law, occurring after the time for direct appeal and the filing of his first § 2255 motion, which "rendered his applicable mandatory minimum unduly increased," and resulted "'in a fundamental defect in his sentence.'" <u>Wheeler</u>, 886 F.3d at 419.

Petitioner asserts that the Fourth Circuit, in <u>United States v. Simmons</u>, held that

> in deciding whether a sentencing enhancement was appropriate under the Controlled Substances Act, a district court could no longer look to a hypothetical defendant with the worst possible criminal history. Instead, we held that a sentencing court may only consider the maximum possible sentence that the particular defendant could have received. <u>See</u> [<u>Simmons</u>, 649 F.3d] at 247 & n. 9.)

(Petr.'s Mem., Dkt. No. 1-2 at 3) (quoting <u>United States v. Kerr</u>, 737 F.3d 33, 37 (4th Cir. 2013). Petitioner asserts that his maximum sentencing exposure under North Carolina General Statute

§ 15A-1340-17(c), based on this minor criminal history points, was a Class I felony with a minimum of six and maximum of eight months' imprisonment presumptive sentence, under the Guidelines. (Petr.'s Mem., Dkt. No. 1-2 at 4.) Petitioner relies on the fourth prong of the savings clause test under <u>Wheeler</u>, that jurisdiction exists under § 2241 due to a retroactive change in law, where the "sentence now presents an error sufficiently grave to be deemed a fundamental defect." (<u>Id.</u>) (quoting <u>Wheeler</u>.)

## II. DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 178 (3d. Cir. 2017). "[A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." <u>Id.</u> (quoting 28 U.S.C. § 2255(e)). Thus, in the Third Circuit, under very limited circumstances, a petitioner can invoke the savings clause of 28 U.S.C. § 2255(e) to bring a motion challenging his conviction and sentence in the district of confinement under § 2241. The Third Circuit explained,

> [o]ur Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent

5

construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.* ] *Tyler*, 732 F.3d at 246 [3d Cir. 2013] (quoting [*In re*] *Dorsainvil*, 119 F.3d 245 [at 252] [3d Cir. 1997]. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id*.

Bruce, 868 F.3d at 180.

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review, but rather he alleges an error in sentencing. Unlike the Fourth Circuit, the Third Circuit has yet to allow challenges to the legality of one's sentence as opposed to the legality of one's detention. Maher v. Fed. Bureau of Prisons, No. CV 18-2348 (RBK), 2019 WL 950172, at *2-3 (D.N.J. Feb. 27, 2019).

More importantly, Petitioner asserts that he raised this issue in his sentencing court in a motion under 28 U.S.C. § 2255, but the court misconstrued his claim as a challenge to the sentencing guidelines. A prisoner may not use § 2241 to challenge his conviction or sentence, simply because his § 2255 motion was unsuccessful. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief….") If the sentencing court misconstrued Petitioner's claim, his remedy

6

was to appeal that decision. Thus, Petitioner has not satisfied the requirements necessary to challenge his conviction and sentence in a § 2241 petition through the savings clause of § 2255.

**IT IS** therefore on this **3rd day of June 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the petition; Petitioner is informed that administrative termination is not a "dismissal"; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete, signed in forma pauperis application or (2) the $5.00 filing fee; and (3) an amended petition establishing jurisdiction under 28 U.S.C. § 2241; and it is further

**ORDERED** that upon receipt of such writing from Petitioner within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

Date:  <u>June 3, 2020</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**